United States District Court
Southern District of Texas
Corpus Christi Division

| | |
|---|---|
| In re: The Matter of Albert Travis Spaulding, as Owner of a 2016 Majek Boats Illusion, for Exoneration From or Limitation of Liability | § § § § § § § Cause No. 2:19-cv-126 _____<br><br>Admiralty – Rule 9(h) |

## Complaint and Petition for Exoneration From or Limitation of Liability

Petitioner, Albert Travis Spaulding, as owner and operator of a 25 foot, 2016 Majek Boats Illusion, hull identification number MJK25M18F616, and its engines, gear, tackle, etc. (collectively the "Vessel"), brings this Complaint and Petition for Exoneration From or Limitation of Liability (the "Complaint") pursuant to 46 U.S.C. §§ 30501, *et seq*. In support thereof, Petitioner shows the Court as follows:

### JURISDICTION & VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules.

2. The Vessel has not been arrested, libeled, or attached to answer for any claims arising on or after the Vessel's relevant voyage. However, a counterclaim has been filed against Petitioner in this division and district: *Albert Travis Spaulding v. Matthew C. May*, *et al*.; In the United States District Court for the Southern District of Texas, Corpus Christi Division; Civil Action No. 2:18-cv-322 (the "Related Action").

Accordingly, venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

## PARTIES & VESSEL

3. Petitioner is an individual who resides in Texas, and is, and was at all material times, the owner of the Vessel.

4. At all material times hereinafter mentioned, the Vessel was and is a recreational fishing-type vessel of the following description:

| | |
|---|---|
| **Make:** | Majek Boats |
| **Model:** | 25 Illusion |
| **ID No.:** | MJK25M18F616 |
| **Registration No.:** | TX 4832 EK |
| **Length:** | 25 feet |
| **Year Built:** | 2016 |

At all times applicable, the Vessel complied with applicable regulations. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel in all respects seaworthy and, at all times material hereto, the Vessel was, in fact and when applicable, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, and all respects seaworthy, in good order and condition, and suitable for the service in which the Vessel was engaged.

5. The Vessel was extensively damaged during the voyage described herein and rendered a total loss.

6. As shown in the attached survey report, attached as **Exhibit A** and incorporated by reference, the Vessel was a constructive total loss and had an

estimated salvage value of ZERO 00/100 U.S. DOLLARS ($0.00) following the voyage described herein.

7. The Vessel was a recreational vessel and was used by Petitioner as such on the voyage in question. As such, there was no pending freight for the voyage described herein.

## BACKGROUND FACTS

8. On or about the August 24, 2018, Petitioner commenced a voyage in the vicinity of Port O'Connor, Texas and was boating/fishing with his six year-old and twenty-four year-old sons on the Vessel. At approximately 7:45 p.m. local time, Petitioner and his sons were on the Vessel in the Intracoastal Waterway ("ICW"), slightly east of the entrance to the "Sanctuary" in Port O'Connor, Texas, approximately 50 feet from the north bank of the ICW. Suddenly, unexpectedly, and without warning, the M/Y PICKINGARB (United States Coast Guard No. 1265242) moving at significant speed collided into the port side of the Vessel at approximately amidships, and proceeded over and past the Vessel. The force of the collision and impact caused severe and potentially life-threatening injuries to Petitioner, and resulted in the sinking of the Vessel.

9. The above-described events, and all death, injury, loss, cost, expense, damage, or destruction, if any, arising out of or related to the above-described events, were not caused or contributed to by any fault, negligence, or lack of due care or diligence on the part of Petitioner, the design or condition of the Vessel, or any unseaworthiness or fault of the Vessel, or any person in charge of the Vessel, or any person for whom Petitioner was or is responsible.

10. The above-described incident, and all alleged death, injury, loss, cost, expense, damage, or destruction, if any, sustained by any and all persons or entities which may have resulted from the above-described incident, could only have been caused, done, contributed to, occasioned and/or incurred without the privity or knowledge of Petitioner.

11. Rather, the above-described incident, and all death, injury, loss, cost, expense, damage, or destruction, if any, arising out of or related to the above-described incident, which are denied, are due to and/or caused by the fault, negligence, or lack of due care or diligence of others for whom Petitioner is not responsible.

## CLAIMS AGAINST PETITIONER

12. However, Petitioner now has a reasonable basis to believe that claims will be asserted and prosecuted against him in amounts exceeding the total sum he may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

13. As a result of the incident, on October 31, 2018 counsel for the owner and operator of the M/Y PICKINGARB (Matthew May) filed a counterclaim against Petitioner in the Related Action, which served as Petitioner's first written notice of a potential claim against Petitioner for damages arising out of the voyage. Petitioner understands other passengers were aboard May's vessel, thereby making it possible that other claims could be made against Petitioner.

14. Pursuant to Rule F(1), this Complaint is filed within the running of six months from the date Petitioner first received written notice of a limitable claim.

15. Except as described above, Petitioner is, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint. To the best of Petitioner's knowledge, no warrant of arrest of any other process has been issued for the Vessel.

## PETITION FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

16. Petitioner desires to contest any claim asserted against him, and the liability of the Vessel, if any, for such death, injury, loss, cost, expense, damage, or destruction occasioned or incurred on the above-described voyage, and Petitioner further claims exoneration or exemption from liability for any and all death, injury, loss, cost, expense, damage, or destruction, if any, caused by, arising out of, occasioned, or incurred as a result of the aforesaid casualty and for any and all claims therefor. Petitioner alleges that he has valid defenses thereto on the facts and on the law to the claims of any present and/or future claimant.

17. Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules, and any and all Acts of Congress amendatory thereof and supplementary thereto, and the rules and practice of this Court and the Supreme Court of the United States.

18.     While not in any way admitting that Petitioner bears any liability for any death, injury, loss, cost, expense, damage, or destruction occurring, if any, Petitioner claims and is entitled to have his liability, if any, limited to the amount or value of his interest as aforesaid in the Vessel immediately after the aforesaid voyage, and to that end Petitioner will deposit with the Court, as security for the benefit of potential claimants, an *Ad Interim* Stipulation, as security for the amount of the value of his interest in the Vessel as provided by the aforesaid statues, by the Federal Rules of Civil Procedure including the Supplemental Rules, and by the rules of practice of this Court.

19.     Should it later appear that Petitioner is or may be liable and that the amount or value of his interest in the Vessel is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Court.

## *AD INTERIM* STIPULATION FOR VALUE

20.     Subject to an appraisal of his interests, Petitioner will deposit with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation in the sum of ZERO 00/100 U.S. DOLLARS ($0.00), plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of Petitioner's interest in the Vessel, and pending freight, following the above-described voyage.

**PRAYER**

For these reasons, Petitioner prays that:

(a)  upon filing of the above-described *Ad Interim* Stipulation, the Court issue an Order directing the issuance of notice to all persons who might have any claim resulting from the alleged casualty or during the voyage on which the Vessel was then engaged, citing them to file their respective claims with the Clerk of this Court, and to serve copies of said claims upon the attorney for Petitioner on or before the time fixed by this Court or be forever barred and permanently enjoined from making and filing any such claims, to make proof of their claims before this Court, and to appear and answer the allegations of this Complaint;

(b)  upon filing of the above-described *Ad Interim* Stipulation, the Court issue an injunction restraining the filing, commencement, and further prosecution of all proceedings (except in the present proceeding) to recover for damages allegedly arising out of the voyage on which the Vessel was then engaged, against Petitioner, its underwriters, agents, representatives, or any other property of Petitioner whatsoever, or any persons for whom Petitioner may be responsible, or the Vessel, in respect of any claim arising out of the voyage, whether *in personam* or *in rem*;

(c)  if any claimant files an exception controverting the value of the Vessel in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the Vessel and its freight

PD.26032437.1

earned, if any, during the time referred to in the Complaint, and the value of Petitioner's interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, this Court enter an Order for payment into the Court of the higher value of Petitioner's interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

(d) the Court, assuming that a claim is filed in this proceeding against Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, or the Vessel, adjudge:

i. Petitioner, its underwriters, and the Vessel are not liable to any extent for any injury or loss in any way arising out of the alleged occurrence, and that the Vessel and Petitioner are exonerated from any and all liability which may be claimed as a result of the events in question;

ii. Alternatively, if Petitioner, its underwriters, and/or the Vessel be adjudged liable, then that such liability be limited to the value of Petitioner's interest in the Vessel, and her pending freight, if any, for the voyage in which the Vessel was engaged at the time of the events in question, and that the money to be paid be divided *pro rata* among such claimants as may prove their claims, if any, before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner, its underwriters, and the Vessel from all further liability; and

(e)   Petitioner have such other and further relief as the justice of the cause may require.

DATED: April 30, 2019.

Respectfully submitted,

BY:   */s/ Michael E. Streich*
Michael E. Streich
Texas Bar No. 24079408
Federal ID No. 1339959
Marc G. Matthews
Texas Bar No.: 24055921
Federal ID No. 705809
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marc.matthews@phelps.com
Email:michael.streich@phelps.com

**ATTORNEYS FOR PETITIONER**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**